IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IVERY CLARK WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:26-CV-2745-D |
| | § | |
| DAVID C. GODBEY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, *pro se* plaintiff Ivery Clark Williams ("Williams") sues Senior United States District Judge David C. Godbey ("Judge Godbey") under 42 U.S.C. § 1983, alleging violations of her rights to procedural due process and substantive due process as well as of other constitutional provisions.* Judge Godbey moves to dismiss on various grounds, including absolute judicial immunity. For the reasons that follow, the court grants Judge Godbey's motion and dismisses this action with prejudice by judgment filed today.

I

Williams' claims appear to arise out of a prior civil rights lawsuit that she filed against two other defendants, in which Judge Godbey is the presiding Judge. *See Williams v. Vargas*, 2025 WL 3131534, at *1 (N.D. Tex. Aug. 11, 2025) (Rutherford, J.), *rec. accepted*,

*Williams styles the instant action as a "1983 Civil Rights Complaint." Pet. (ECF No. 1-6) at 1. Several of Williams' claims are unclear. Nevertheless, the court has "liberally construed" Williams' petition. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2025 WL 3131140, at *1 (N.D. Tex. Nov. 7, 2025) (Godbey, J.). On April 25, 2025 Williams filed a petition in Dallas county court asserting claims under 42 U.S.C. § 1983, alleging violations of her First, Fifth, Sixth, Eighth, and Fourteenth Amendment Rights. *Id.* One of the defendants in that case, Alexandra Vargas, with the consent of the other defendant, Judge Sally Montgomery, timely removed the suit to federal court on June 16, 2025. *Id.* On July 8, 2025 Williams filed a motion to remand the case to county court. *Id.* On August 11, 2025 United States Magistrate Judge Rebecca Rutherford ("Judge Rutherford") recommended that Judge Godbey deny Williams' motion. *Id.* Judge Godbey accepted Judge Rutherford's findings, conclusions, and recommendation. *Williams*, 2025 WL 3131140, at *1.

Although the precise conduct that underlies Williams' claims against Judge Godbey is not entirely clear, it appears from Williams' petition that she is complaining about Judge Godbey's acceptance of Judge Rutherford's recommendation to deny Williams' motion to remand. Williams has attached Judge Rutherford's recommendation to her petition as an exhibit, and she indicates in the exhibit that the recommendation violates her constitutional rights. Furthermore, Williams asserts in her petition that a "Judge has to be neutral, and hear the evidence presented," Pet. (ECF No. 1-6) at 3, but that Judge Godbey "willfully delay[ed] said cause 3:25-CV-01536-N" (referencing the *Williams v. Vargas* case), *id.* at 4, and "plott[ed]" to "take[] away [her] right to be heard, [her] right to [a] jury trial, [and her] right to confront[] . . . witnesses," seemingly by denying her motion to remand the case to county court. *Id.* at 5.

Judge Godbey now moves to dismiss Williams' action, relying, in pertinent part, on absolute judicial immunity. Williams opposes the motion.

II

Judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996). "[A] judge has no immunity (1) for actions taken outside of his judicial capacity, or (2) for actions that are judicial in nature, but occur in the complete absence of all jurisdiction." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Judge Godbey's acceptance of Judge Rutherford's recommendation, as well as all other alleged actions taken by Judge Godbey in the *Williams v. Vargas* suit, are unquestionably judicial in nature. There is no indication that Judge Godbey's actions were taken in the clear absence of jurisdiction.

Accordingly, the court concludes that Judge Godbey is entitled to absolute judicial immunity, and Williams' action is dismissed with prejudice.

* * *

For the reasons explained, the court grants Judge Godbey's motion to dismiss, and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

October 6, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE